DETERMINED IN THE

# COURT OF ERRORS AND APPEALS

OF THE

## STATE OF NEW JERSEY,

MARCH TERM, 1892.

SARAH A. DISBROW, PLAINTIFF IN ERROR, v. JAMES H. DURAND, ADMINISTRATOR OF THE ESTATE OF SMITH NOE, DECEASED, DEFENDANT IN ERROR.

1. Ordinarily, where services are rendered and voluntarily accepted, the law will imply a promise upon the part of the recipient to pay for them; but where the services are rendered by members of a family, living as one household, to each other, there will be no such implication from the mere rendition and acceptance of the services. In order to recover for the services, the plaintiff must affirmatively show, either that an express contract for the remuneration existed, or that the circumstances under which the services were rendered were such as exhibit a reasonable and proper expectation that there would be compensation.

2. The family relation contemplated in this exception to the ordinary rule is not limited merely by propinquity of kindred. Where there is a household relation, it will embrace not only remote kindred, but also those who stand in the place of kindred.

On error to the Union County Circuit Court.

The plaintiff below, who is also the plaintiff in error, sued the administrator of her deceased brother's estate for the value of her services as that brother's housekeeper for the six years which immediately preceded the brother's death; that is, for the value of her services from January 1st, 1883, to January 1st, 1889.

It was proved on her behalf, at the trial in the Circuit Court, that the decedent resided upon and cultivated a small farm near Rahway, in Union county; that prior to 1864 his mother lived with him, and that during his mother's life his sister, the plaintiff, then a widow, came to reside with him, bringing with her her son. During the year 1864 the son, having become a man, went away and married. The mother, sister and brother continued to live together as one family until the mother died, and thereafter the brother and sister continued to live together for more than twenty years, until the brother died in January, 1889. The brother cultivated the farm and the sister kept the house. The sister had no means of subsistence except through work for strangers, or by continuing her home with her brother, or making it with her son. The son offered to take her, but he admits that he did not strenuously insist upon her coming to him. It was plainly apparent in the proofs that she preferred to remain with her brother. No proof was offered to show either an express or implied contract, upon the part of her brother, to remunerate her for her services in his household, or that the subject of compensation for such services was ever discussed between the brother and sister, or contemplated by either of them.

Upon this case the judge, at the Circuit, directed that judgment of non-suit be entered against the plaintiff. Error is now assigned upon exception to that direction.

For the plaintiff in error, *Benjamin A. Vail.*

For the defendant in error, *Thomas H. Shafer.*

The opinion of the court was delivered by

THE CHANCELLOR. Ordinarily, where services are rendered and voluntarily accepted, the law will imply a promise upon the part of the recipient to pay for them; but where the services are rendered by members of a family, living as one household, to each other, there will be no such implication from the mere rendition and acceptance of the services. In order to recover for the services, the plaintiff must affirmatively show, either that an express contract for the remuneration existed, or that the circumstances under which the services were rendered were such as exhibit a reasonable and proper expectation that there would be compensation. The reason of this exception to the ordinary rule is, that the household family relationship is presumed to abound in reciprocal acts of kindness and good-will, which tend to the mutual comfort and convenience of the members of the family, and are gratuitously performed; and where that relationship appears, the ordinary implication of a promise to pay for services does not arise because the presumption, which supports such implication, is nullified by the presumption that between members of a household services are gratuitously rendered. The proof of the services, and as well of the family relation, leaves the case in equipoise, from which the plaintiff must remove it, or fail.

The great majority of cases in which this exception to the ordinary rule has been given effect, have been between children and their parents, or the representatives of the parents' estate, and that fact appears to have led the courts of some of our sister states to speak of it as restricted to cases where such a relationship in blood existed; but it is not perceived how, within the reason for the exception, it is to be limited by mere propinquity of kindred. It rests upon the idea of the mutual dependence of those who are members of one immediate family, and such a family may exist though composed of remote relations, and even of persons between whom there is no tie of blood.

To this time, in this state, the cases which have treated of
this subject have dealt only with the relation of parent and'
child, or the case where one party stands *in loco parentis.*.
*Ridgway* v. *English*, 2 *Zab.* 409 ; *Updike* v. *Titus*, 2 *Beas.*.
151 ; *Smith* v. *Smith's Administrator*, 4 *Dutch.* 208 ; *Coley* v.
*Coley*, 1 *McCart.* 350 ; *Updike* v. *Ten Broeck*, 3 *Vroom* 105 ;.
*Horner* v. *Webster*, 4 *Id.* 387, 411 ; *Prickett* v. *Prickett*, 5 *C.
E. Gr.* 478 ; *Gardner* v. *Schooley*, 10 *Id.* 150 ; *Miller* v. *Sauer-
bier*, 3 *Stew. Eq.* 71 ; *Smith* v. *Smith's Administrator*, *Id.* 564 ;.
*DeCamp* v. *Wilson*, 4 *Id.* 656 ; *Kendall* v. *Kendall*, 9 *Id.* 91,
99 ; *Stone* v. *Todd*, 20 *Vroom* 274, 280.    But they have not
limited the exception to that relation ; on the contrary, in,
*Updike* v. *Titus, supra*, Chancellor Green expressed the opinion,
that it contemplates "children, parents, grandparents, brothers,.
stepchildren and other relations." And in this court, in *Horner*
v. *Webster, supra*, Mr. Justice Depue approvingly referred to,
the exception as applicable to all cases where the parties stand'
" in relation to each other of support on one side and services
on the other." Without this state, also, I find most reliable
authority extending the exception beyond parent and child,
where close family relationship has been shown to exist.    For
instance, it was given effect in *Robinson* v. *Eastman*, 2 *Denio*
152 ; *Scully* v. *Scully*, 28 *Iowa* 548 ; *Keegan* v. *Malone*, 62.
*Id.* 208, and *Hall* v. *Finch's Administrator*, 29 *Wis.* 278, in,
each of which cases the relation was brother and sister, and in,
*Bundy* v. *Hyde*, 50 *N. H.* 116, where the relation was,
brother-in-law and sister-in-law.

In the two Iowa cases cited, the exception was stated in this,
language : " Where it is shown that the person rendering the
services is a member of the family of the person served and'
receiving support therein, either as a child or relative or a,
visitor, a presumption of law arises that such services were
gratuitous and, in such case, before the person rendering the
service can recover the express promises of the party served
must be shown or such facts and circumstances as will authorize
the jury to find that the services were rendered in the expecta-

tion by one receiving and by the other making compensation therefor."

I have not pretended to examine the many cases upon this subject in the several states. That would be a tedious, exhaustive, and, indeed, profitless task. The exception stands, upon a reason which logically and properly must extend it to all members of a household, however remote their relationship may be, and, indeed, even to those who, though not of kin, stand in the situation of kindred in one household.

The proofs offered at the trial in the present case exhibited the existence of a family relationship for a quarter of a century, from which the brother and sister each derived substantial benefit in the services of the other, and that the services rendered by each were natural and appropriate acts in their respective spheres, looking to the maintenance of the common home. It did not appear that in that long period of time either of them entertained the thought of demanding or having compensation from the other.

It is deemed that the case is well within the exception to the ordinary rule, which has been pointed out.

There was no error in granting the non-suit.

The judgment will be affirmed.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, DEPUE, DIXON, MAGIE, REED, SCUDDER, BOGERT, BROWN, CLEMENT, KRUEGER, SMITH, WHITAKER. 13.

*For reversal*—None.