MARGARET A. COOPER, complainant and respondent,

v.

EDWIN COLSON et al., defendants and appellants.

[Argued December 2d, 1903. Decided June 20th, 1904.
Filed June 20th, 1904.]

1. An oral contract for the sale of land or of any interest therein, partly or wholly performed, in certain respects, by the party seeking the remedy, may, if such performance is clearly referable to the execution of the contract, be specifically enforced by courts of equity, notwithstanding the statute of frauds.

2. Payment of a part, or even of the whole, of the purchase-money, under an oral agreement for the sale of land, is not an act of part performance to take the contract out of the statute of frauds.

3. Special acts, personal service or the like, ordinarily compensated for upon a *quantum meruit*, although performed under an oral agreement to devise or convey land therefor, are not such performance as, standing alone, will take the case out of the statute of frauds.

4. An oral agreement for the sale of land in consideration of services to be rendered, where no other act is done in execution of the agreement except the performance of services for which compensation may be had upon the *quantum meruit*, stands upon the same legal basis as a like oral agreement of sale for a cash consideration that has been paid but no other act done under the contract in execution thereof.

5. Where compensation for services is not to be made until a certain date or the happening of a certain event, full compensation may be recovered at law for all services performed prior to that date, as the statute of limitations in such case does not begin to run until the period so fixed.

On appeal from a final decree of the court of chancery advised by Vice-Chancellor Reed.

*Mr. Enoch S. Fogg* and *Mr. David J. Pancoast,* for the appellants.

*Mr. Isaac O. Acton* and *Mr. Jonathan W. Acton,* for the respondent.

Cooper *v.* Colson.

The opinion of the court was delivered by

FORT, J.

This is a suit in equity for specific performance of an alleged contract for the devise of lands. The bill is filed against the heirs-at-law of Joseph P. Colson, who died intestate, leaving three farms in the county of Salem, in this state.

The bill states the alleged agreement to have been

"that if your oratrix would continue to live with him [Colson] and act as his housekeeper, to serve him and look after his interests, as she had done, he would compensate her fully and completely; that he would 'leave' her a farm; by which words your oratrix charges that said Joseph P. Colson meant, and did intend for your oratrix to understand, that he would make and execute his last will and testament, and would therein, in due form of law, devise to her a farm."

The prayer of the bill is that the heirs-at-law be decreed

"to convey to your oratrix, her heirs and assigns, the farm and plantation of which the said Joseph P. Colson died seized and hereinbefore particularly described and set forth, known as the 'Peterson farm.' "

The answer denies the agreement as alleged in the bill or any other agreement of like character.

The proof shows, I think, that the agreement was made, and that Colson frequently stated that he did intend to leave to the complainant the Peterson farm, or that the Peterson farm was hers, or similar statements, which clearly indicate that a parol agreement was made to devise, in consideration of the labor and services of the complainant, the Peterson farm to her.

By our "Act for the prevention of frauds and perjuries," approved March 27th, 1874, it is provided,

"that no action shall be brought * * * upon any contract or sale of lands, tenements or hereditaments, or any interest in or concerning them, * * * unless the agreement upon which such action shall be brought, or some memorandum or note thereof, shall be in writing and signed by the party to be charged therewith, or some other person thereunto by him or her lawfully authorized." *Gen. Stat. p. 1603 § 5.*

An agreement to convey or devise lands wholly in parol is unenforceable at law. It is equally so in equity, unless there has been a partial or full performance in certain respects, in which case such an agreement may be specifically enforced by a court of equity, notwithstanding the statute of frauds. The authorities to sustain this principle of equitable jurisdiction are collected and fully stated in *3 Pom. Eq. Jur. 456 § 1409 note 2.*

The complainant in this case relies upon a partial or complete performance of the contract alleged to sustain her prayer for specific performance.

That the complainant did act as housekeeper, and attend upon and care for Colson, and did perform her part of the agreement in this regard, is proven, and if such a performance of her agreement to serve the deceased can be considered part performance within the rule which permits equity to decree specific performance of contracts for the conveyance or devise of lands, she is entitled to such a decree in this case.

Stated plainly, the agreement proven in this case was to convey or devise to complainant the "Peterson farm" in consideration of her paying Colson, as the purchase price for the same, her labor and personal service as his housekeeper and attendant for so long a period as he should live. Payment of a part, or even the whole of the purchase-money, is not an act of part performance to take a contract out of the statute of frauds. *Fry Spec. Perf. (4th ed.) §§ 613, 614; Snell Eq. 464 ¶ 4; Pom. Spec. Perf. 159 § 112; Lippincott v. Bridgewater, 10 Dick. Ch. Rep. 208; Green v. Richards, 8 C. E. Gr. 32; Browne St. of F. (5th ed.) § 461; Cochrane v. McEntee, 51 Atl. Rep. 279 (Vice-Chancellor Emery); Brown v. Brown, 6 Stew. Eq. 650, 660; 26 Am. & Eng. Encycl. L. (2d ed.) 54.*

In every case, in order to take the case out of the statute on the ground of part performance, irrespective of other questions, two things are requisite. The terms of the contract must be established by the proofs to be clear, definite and unequivocal, and the acts relied on as part performance must be exclusively

Cooper *v.* Colson.

referable to the contract. *Wallace* v. *Brown, 2. Stock. 308;
Brown* v. *Brown, 6 Stew. Eq. 650.*

Professor Pomeroy, in a note at page 457, volume 3, of his work
on *Equity Jurisprudence,* declares, among the acts which do *not*
constitute part performance the "payment of the purchase price
in whole or in part," and states that the rule is otherwise in the
State of Iowa, owing to a statute which expressly makes such
payment a part performance.

This same learned author gives two acts, which he character-
izes as controlling acts, of part performance which will take a
parol agreement of sale out of the statute and permit a court of
equity to decree specific performance thereof, namely, (*a*) Actual
open possession; (*b*) permanent and valuable improvement
made on the land; or these two combined. *3 Pom. Eq. Jur. 457*
§ *1409.*

But in this case it is contended that, in the absence of pos-
session taken or any permanent improvement made upon the
property, there are other special acts of personal service and the
like which, when performed upon condition that land will be
conveyed, will also entitle the party so performing to a decree
for the specific performance of a parol agreement to convey lands.
Three cases decided in the court of chancery in this state are
relied upon by the complainant to sustain this contention. The
first of these is *Johnson* v. *Hubbell, 2 Stock. 332,* decided by
Chancellor Williamson, in 1855; the second is *Van Duyne* v.
*Vreeland, 1 Beas. 142,* also a decision of Chancellor Williamson;
the third is *Davison* v. *Davison, 2 Beas. 246,* decided by Chan-
cellor Green.

I shall not attempt a review of these cases. *Johnson* v. *Hub-
bell* and *Davison* v. *Davison* are not in all respects in point
under the issue here, but *Van Duyne* v. *Vreeland* does seem to
have been clearly determined upon the question, *sub judice.*

Chancellor McGill says "that equity will specifically enforce
such a parol agreement at the instance of a complainant who
shall have completely performed it upon his part, is now estab-
lished in this state beyond controversy. The remedy is afforded
upon the ground that it will work a fraud upon him who, in-

duced by the agreement, has, in good faith, so performed it as to irretrievably change the situation of the parties to his disadvantage, to permit the other party to refuse fulfillment upon his part. It has had frequent recognition and application in adjudged cases in our courts." He cites all the New Jersey cases. *Vreeland* v. *Vreeland, 8 Dick. Ch. Rep. 387, 389.*

As a general statement, this language is unexceptionable. But the mere proof of the performance of services is not sufficient. Such services may be adequately compensated for by a recovery of damages. Such services, thus performed, are of no greater efficacy to take the case out of the statute than would be a payment in whole or in part of the consideration money agreed to be paid upon a parol contract to convey land for cash.

It must appear, to constitute ground for a decree for the specific performance of an oral agreement to convey land, founded upon alleged services, that the services were in some respects of an exceptional character and that it is obvious that the parties not only did not intend that they should be measured by ordinary pecuniary standards, but that they were of such a peculiar character that it is impossible to estimate their value by any such standard. *1 Lead. Cas. Eq. 1054, 1055; Rhodes* v. *Rhodes, 3 Sand. (N. Y.) Ch. 279.*

Where it appears, as in *Van Duyne* v. *Vreeland, supra,* that the result of the performance of the labor and service under the agreement has been such as to change the whole course of the life or life work of the complainant, on the faith of the contract to devise or convey, the case is one which is within the same rule as to part performance, as where possession of the land has been taken or improvements made thereon. *Pom. Spec. Perf. 161 § 114.*

The true rule seems to be, as stated by Chancellor Williamson in *Van Duyne* v. *Vreeland,* "that when there has been such a performance on both sides as puts the complainant in a situation which is a fraud upon him unless the agreement is fully performed," specific performance should be decreed.

If such fraud exists it estops the defendant from setting up the statute as a bar to the right of specific performance, because

Cooper *v.* Colson.

the agreement to convey was not in writing. *Snell Eq. 461; Twiss* v. *George, 33 Mich. 253; Smith* v. *Yocum, 110 Ill. 142; Brown* v. *Sutton, 129 U. S. 238; Tidem. Eq. Jur.* § *495.*

The mere performance of services, which may be compensated for in damages, is not sufficient to take the case out of the statute. *Cronk* v. *Trumble, 66 Ill. 428; Edwards* v. *Estell, 48 Cal. 194; Carabill* v. *Marsh, 38 Ohio 331.*

Where compensation is not to be made until a certain date, or the happening of a certain event, full compensation may be recovered at law for all services performed prior to that date, as the statute of limitations in such case does not begin to run until the period so fixed. *Stone* v. *Todd, 20 Vr. 274, 282.*

In such cases, if the services are such as can be compensated for on the *quantum meruit,* the remedy is ample. *McElroy* v. *Ludlam, 5 Stew Eq. 828; Smith* v. *Administrators of Smith, 4 Dutch. 208; Guy* v. *Mooney's Administrators, 38 Vr. 27.*

We do not think the facts proven in this case bring the complainant within the rule established by the cases. The services she performed were no doubt performed in part, though not wholly, in reliance upon compensation by way of the conveyance of a farm. But her services were neither exceptional nor extraordinary.

She in no way changed her mode of living, or course of life, or life work, because of them. What she did was of such a character as to be easily and adequately compensated on the *quantum meruit.* There is nothing to establish that she had abandoned any other plan of life work or calling to devote herself to the deceased in consideration of the promised conveyance of a farm. Most scrupulous care should be exercised by the courts in this class of cases, and especially where one of the alleged contracting parties is dead. An allegation of an agreement to convey is easily made, and casual conversations or jocular remarks of intent to devise or convey at death can readily be turned into serious import. The statute declares that agreements to convey land not in writing are void. If equity is to overthrow the statute, on the ground that, owing to the peculiar character of the facts in a given case, it would be a fraud not to

hold one of the contracting parties estopped from setting up the statute, such power should be exercised upon the most clear proof, not only of the contract to devise or convey the land in question, but of the fact that the rendition of the services was wholly referable .to the contract to convey, and solely predicated upon that agreement, and that proper and adequate compensation for the services cannot otherwise be made, because of the fact that, in reliance upon the contract, it appears reasonably probable that the complainant has irretrievably changed the whole course of his life and circumstances in order to fulfill his part of the agreement.

The decree of the court of chancery is reversed and the bill dismissed.

*For affirmance*—HENDRICKSON, BOGERT—2