WILLIAM F. WOOSTER, PLAINTIFF-RESPONDENT, v. MARY
C. EAGAN, ADMINISTRATRIX OF MARY EAGAN, DE-
CEASED, DEFENDANT-APPELLANT.

Submitted December 9, 1915—Decided March 6, 1916.

1. The wife of a plaintiff, in an action against the administratrix
   of an estate, is a competent witness to testify to transactions
   with or statements by the intestate.
2. The husband alone is the proper plaintiff to recover for services
   rendered, such as nursing and household services, to the intes-
   tate, in an action, when the engagements for such services were
   made with the wife of the plaintiff and the services performed
   by her. The Married Women's act (3 *Comp. Stat.*, p. 3225, §
   4), is not applicable to such a case.

On appeal from the Essex County Circuit Court.

For the defendant-appellant, *John A. Bernhard.*

For the plaintiff-respondent, *Arthur B. Seymour.*

The opinion of the court was delivered by

BLACK, J. There are two points urged in this case for a
reversal of the judgment entered against the appellant. The
first is the refusal of the trial court to direct a verdict in favor
of the appellant; the second is the admission in evidence of
the testimony of the respondent's wife, Mary E. Wooster,
the defendant being sued in a representative capacity.

The suit was brought for nursing and household services,
alleged in the complaint to have been rendered by the re-
spondent to Mary Eagan, the deceased, in her lifetime, at her
request. The suit is against the administratrix of her estate.
The testimony shows that the respondent and his wife lived
with the deceased at the time of her death, and had been
living there for four years, nine months and ten days. The
respondent's wife during that time had been taking care of
the deceased and doing household services for her. The de-
ceased was about ninety years of age at the time of her death.

The deceased stated to the wife on several occasions that she should be well paid for her work. The respondent relied upon the testimony of his wife to prove the case. The evidence shows that the engagements. for the nursing and household services were made between the wife of the respondent and the deceased. The wife of the respondent was a grandniece of the deceased.

It is urged that the wife's testimony was incompetent under section 4 of the Evidence act (2 *Comp. Stat., p.* 2218), which reads: "In all civil actions any party thereto may be sworn and examined as a witness, notwithstanding any party thereto may sue or be sued in a representative capacity; provided, this section shall not extend to permit testimony to be given by any party to the action as to any transaction with or statement by any testator or intestate represented in such action, unless," &c. Under this statute the admission of the wife's testimony in evidence was legal. The point was decided by this court, in the case of *Foley* v. *Loughran,* 60 *N. J. L.* 464. That case held that the wife or husband of a plaintiff who sues or is sued in a representative capacity, is a competent and compellable witness in such action to testify to the transactions with or statements by any testator or intestate represented therein. In that case, the evidence shows that the engagements for the board, care and nursing of the children were made between the wife of the respondent and the deceased, who was the grandmother of the children. So, in this case, the engagements were made by the wife and the services performed by her. It was not error for the trial court to admit the wife's testimony in evidence. The judgment cannot be reversed on that ground. The respondent could not testify himself to any statements made to him by the deceased or any services rendered to her, by him in the presence of the deceased. *Dickerson* v. *Payne,* 66 *Id.* 35; *Baker* v. *Bancroft,* 69 *Id.* 223. In the Foley case, the action was brought in the name of the husband, and the court said that the right of action, if any existed, was in the plaintiff, as the head of his household. It is conceded that at common law the husband was entitled to the earnings of his wife, but it is

urged in this case, that where the engagement is actually made by the wife with the consent of the husband, the situation is then controlled by the provisions of the Married Women's act (3 *Comp. Stat.*, p. 3225, § 4), which provides that the wages and earnings of any married woman, acquired or gained in any employment, occupation or trade in which she is employed, and which she carries on separately from her husband, shall be her sole and separate property, as though she were a single woman. *Tresch* v. *Wirtz*, 34 *N. J. Eq.* 124.

It is obvious that statute does not apply to this case, for the reason that the wife was not carrying on a separate business, in the course of which she performed these services. The case of *Garretson* v. *Appleton*, 58 *N. J. L.* 386, in this court, is cited by the appellant. In that case, the action was brought in the name of a married woman against an estate for services which she alleged she rendered to the deceased during his illness. It was conceded, by both opinions delivered in that case, that no right of action existed in the wife. There was no difference of opinion in the court on that point. The court did, however, differ on the question whether the point as to the proper parties to the action had been properly raised and considered in the trial court by any exceptions taken at the trial.

The case of *Cullen* v. *Woolverton*, 65 *N. J. L.* 279, turned upon the point whether the assignor of a claim against the estate of a deceased person is a party, within the meaning of the Evidence act above cited, in a suit by the assignee of the claim, against the representative of the deceased. The court held that the assignor was not a party to the suit, and was a competent witness under the statute.

We conclude that the action in this case was properly brought in the name of the husband, as plaintiff; that the refusal of the trial court to direct a verdict in favor of the defendant was not error. Other cases in our courts bearing on this question are *Oakley* v. *Emmons*, 73 *N. J. L.* 206; *Peterson* v. *Christianson*, 68 *Id.* 392. A collection of cases in other jurisdictions will be found in 21 *Cyc.* 1522, 1523.

There being no error in the record the judgment is affirmed.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, GARRISON, SWAYZE, TRENCHARD, PARKER, BERGEN, MINTURN, KALISCH, BLACK, WHITE, TERHUNE, HEPPENHEIMER, WILLIAMS, TAYLOR, JJ.   15.

*For reversal*—None.