This is a bill to enforce a contract of a decedent to make a will in favor of the complainant.
In the year 1906 the complainant left the home in which she was then living and took up her residence with the decedent, Charles J. Chandless and his wife, who were aged people at the time, and took upon herself the work of their *Page 187 
home. The wife died some time later, and the complainant continued to live with and look after the decedent and his home until his death in the year 1922. Her case is, that in his lifetime he entered into a contract with her whereby he bound himself to leave his property to her, in consideration of her services in caring for him and his home, as already mentioned. In this she is corroborated, first, by the testimony of other witnesses such as her niece and Robert M. Souvay, who is not subject to the criticism or bias that might be urged with regard to the testimony of the complainant's niece. In view of the fact that no evidence was produced by the defendants in contradiction of the foregoing, I would be inclined to hold that the contract had been proved by the witnesses produced in the complainant's behalf. They presented good appearances, their stories were credible on their respective faces, and while I am not unmindful of the scrutiny with which such testimony is always scanned, the fact remains that contracts of this nature are frequently entered into. But the oral testimony was powerfully corroborated by the production of an instrument purporting to be the last will and testament of the decedent, in which he said, in part: "In consideration for services rendered in keeping house for me since the death of my wife without any compensation," all his property was given to the complainant. This will, however, was not attested by two witnesses in conformity with the twenty-fourth section of the act entitled "An act concerning wills." Therefore, of course, the document is ineffective as a will, and, hence, the necessity for this suit. Taken in connection with the many conversations in which the decedent acknowledged the promise that he had made the complainant, it seems to me impossible to come to any other conclusion than that the contract is established, notwithstanding the language contained in Vreeland v.Vreeland, 53 N.J. Eq. 389; Cooper v. Colson, 66 N.J. Eq. 328,
and innumerable other cases.
I find it said in complainant's brief that, at the hearing, I indicated that the language already quoted from the will merely indicated a reason for the generosity of the testator in *Page 188 
making the complainant the beneficiary of his estate. I have no memory of saying so, nor can I find any record thereof in the transcript of the testimony with which I have been furnished. It may have been that I gave utterance to some such statement for the purpose of drawing a reply thereto from counsel, but it is ridiculous that I should have made any such absolute decision as the brief says I did, in view of my remark when the will was admitted in evidence, namely: "I will admit it for the reason that it is, of course, strongly corroborative of the theory of the complainant's case that there had been a contract to devise." Certainly, when a party maintains that another agreed to sign a document in consideration of some definite benefit moving from the latter to the former, it tends to corroborate him when he produces the very instrument in question which, by its terms, declares it to have been done in consideration of the receipt of that benefit. It is true that human ingenuity can devise hypotheses to account for the creation of the instrument by reason of some other motive, but matters of judgment are not formed upon such a basis, as Lord Chancellor Thurlow said inFox v. Mackreth, 2 Cox 320. By every dictate of reason and common sense it is more likely that the decedent executed what he meant to be a will because he was under moral and legal obligation so to do.
It is true that I expressed some doubt at the close of the proofs as to the complainant having sustained the unusual burden under which she labored in this peculiar sort of case. That uncertainty arose, however, from a misconception of the degree of conviction that the surviving party to such a contract must establish in the mind of the court. I had an exaggerated conception of the rule. This woman has met the test enunciated by Chancellor McGill and Mr. Justice Fort in the cases cited. That being so, there is presented the spectacle of a woman fifty years of age who has devoted herself for a period of half a generation in the services of an aged man, and in such a manner that, within two months of his death, he recognized his obligation by preparing an instrument that he intended to operate as a will, to redeem *Page 189 
the pledge of so many years' standing, and to confer upon the complainant the reward she had so richly earned and to which she was so justly entitled.
I have been greatly concerned about the decision of this case. It appeared to me at the close of the final hearing that stronger proof should have been available in the complainant's behalf, in fact, correspondence has been had with the respective solicitors looking to that end. It appears that no further witnesses are procurable. My ultimate determination is that my first impression was erroneous, and that sufficient has been shown to justify the bill.
It is not denied that such a contract partly performed is enforceable, notwithstanding the statute of frauds, under either of the theories which account for part performance taking an oral contract out of the statute, as discussed in Pom. Eq. Jur. §1409. Vice-Chancellor Griffin has recently collected some of the authorities to this effect in McNamara v. Bohn,108 Atl. Rep. 764. Furthermore, I think the rule is well expressed and justified by the authorities cited in 25 R.C.L. 591, where it is shown that execution of a will, in pursuance of such an agreement as the one in this case, takes the contract out of the statute, and where it is further said: "It is immaterial that the instrument executed by the promissor is ineffectual as a will due to informalities in its execution."
I will advise a decree in accordance with the prayer of the bill. *Page 190