THE TRUST COMPANY OF NEW JERSEY, a corporation of the State of New Jersey, complainant,

*v.*

MICHAEL FARAWELL, executor of the estate of Emilia Farawell, deceased, defendant-appellant, and LOUIS FORD and BENEDETTA SARGENT, defendants-respondents.

[Argued October 24th, 1939. Decided January 25th, 1940.]

Mr. *Edward S. Holman* and Mr. *Milton M. Unger,* for the defendants-respondents.

*Messrs. Drewen & Nugent,* for the complainant.

Mr. *Roswell S. Nichols, Jr.,* for the defendant-appellant.

The opinion of the court was delivered by

WOLFSKEIL, J.

The appeal in this case is from a decree of the court of chancery in an interpleader suit, determining the creation of a voluntary trust by a decedent in favor of her two daughters through a former marriage, and deciding against the claim of the widower as executor of her will.

The decedent, Emilia Farawell, was the possessor of real estate and several bank accounts in her own name. One of these, amounting to $3,532.45, was transferred by her to the savings department of a bank under the name of "Emilia Farawell in trust for Louisa Ford and Bernadotta Sargent." The book evidencing this account was thereafter in the possession of the daughters. Withdrawals were made upon the signatures of the mother and the two daughters, and the withdrawals were used solely for maintenance expenses on two properties which were devised to the daughters by the mother in her will drawn three days after transfer of this account. The court below found from the evidence adduced and from the inferences to be drawn out of the circumstances that a presently effective trust had been established in favor of the daughters.

Appellant appeals from the decree on the grounds that it could not have been decedent's intention to render herself insolvent; that a signature card does not constitute a declaration of trust; that the gift would be in violation of the statute in seeking to establish a testamentary disposition without the formal requisites of a will; that there was no independent advice; and that admission of testimony of one of the daughters as to delivery of the passbook by the mother and testimony also of the husbands of the two daughters relating to conversations with the decedent were in contravention of the Evidence act, which bars testimony of a party as to a transaction with a decedent, unless the subject is opened by the representative of the decedent. *R. S. 2:97-2.*

Nothing appeared in the case to support the allegation that the gift or creation of the trust rendered the decedent impoverished, nor was there any occasion for application of the principle of independent advice. The transfer was plainly not one to take effect after death, so that the attributes incident to the making of a valid will were unnecessary. While the signature card alone would not constitute a trust declaration, it is one of the factors which are to be integrated with the other circumstances in the formulation of the appropriate deduction.

As to evidence of the daughter concerning delivery of the passbook to her by the mother, the delivery of the book itself fell within the prohibited category of a transaction with the decedent regarding which a litigant party may not be permitted to give testimony. *Van Wagenen, Adm'r,* v. *Bonnot,* 74 *N. J. Eq. 843.* The exclusion does not extend to the testimony of the husbands of the two daughters, for neither by the statute itself nor by any of our interpretative decisions is the principle enlarged to bar testimony of a husband or wife with respect to a conversation or transaction of the decedent when the other spouse has been a party to the transaction.

Moreover, the erroneous admission of the daughter's testimony in this particular does not alter the result, for there is sufficient other evidence upon which to base the conclusion of a voluntary trust made presently effective by the mother. *Long Branch Banking Co.* v. *Winter, 112 N. J. Eq. 218.* Such a trust rests essentially upon the same principles that activate a gift *inter vivos,* comprising donative intent, delivery of the subject-matter to the extent that delivery is possible or can be indicated, and the abdication by the donor of dominion over the subject-matter. These elements appear in this case through an adequacy of proof.

The appeal is accordingly dismissed, and the decree is affirmed.

*For affirmance*—THE CHIEF-JUSTICE, TRENCHARD, CASE, BODINE, DONGES, HEHER, PERSKIE, PORTER, HETFIELD, DEAR, WELLS, WOLFSKEIL, RAFFERTY, HAGUE, JJ. 14.

*For reversal*—None.