This matter is before the court on a motion by defendants to compel complainant to make an election of remedies whether to proceed with this suit and discontinue an action in the Circuit Court, or to discontinue this suit and proceed in the Circuit Court alone. The circumstances are as follows: Complainant brings this suit for specific performance of an alleged agreement made by Maria Ruman, now deceased, to devise lands to complainant in consideration of services rendered and advances made by complainant to her. After the suit in this court was partially heard, complainant instituted the action at law against the estate of Maria Ruman, seeking a money judgment for the value of the services and the money advanced.
In the suit before this court the statute of frauds is set up as a defense. In a case such as this, where there is no written contract, partial performance will not take the case out of the statute of frauds so as to give the right of specific performance unless the services rendered, which constitute *Page 298 
the part performance, are unique, although there might be a recovery in an action at law for damages for the value of the services. Cooper v. Colson, 66 N.J. Eq. 328; Boulanger v.Churchill, 86 N.J. Eq. 96.
The reason for bringing the action at law seems clear. Complainant apparently became doubtful as to her ability to prove that the services rendered by her were unique so as to take the case out of the statute in the equity suit. She claims the right, however, to proceed with both actions. If she fails in one she may succeed in the other.
In my opinion she does not have this right. The remedies are clearly inconsistent; one being for a conveyance of land under a decree of specific performance, and the other being for a money judgment only. Since the claim for a money judgment is clearly cognizable at law, if that be the remedy sought by her, she has an adequate remedy at law, and the Court of Chancery would have no jurisdiction to grant that relief alone.
In Blum Building Co. v. Ingersoll, 99 N.J. Eq. 563 (at p.568), the court says:
"A comprehensive statement of the effect of an election is given in 20 Corp. Jur. 38, thus: `An election once made between co-existing remedial rights which are inconsistent is not only irrevocable and cannot be withdrawn without due consent even though it has not been acted upon by another to his detriment, but it is also conclusive and constitutes an absolute bar to any action, suit or proceedings based upon a remedial right inconsistent with that asserted by the election or to the maintenance of a defense founded on such inconsistent rights.' Chancellor Kent, in Sanger v. Wood, 3 John Ch. 416, put it in this way: `Any decisive act of the party, with knowledge of his rights, and of the fact, determines his election in the case of conflicting and inconsistent remedies.'"
Vice-Chancellor Backes quotes with approval Rodermund v.Clark, 46 N.Y. 354, which says:
"Where there exists an election between inconsistent remedies the party is confined to the remedy which he first prefers and adopts." *Page 299 
Since it is clear, and in fact conceded by complainant, that complainant cannot both obtain a decree for specific performance and at the same time collect a money judgment for damages for breach of the contract, an order will be advised to elect which of the two remedies she will pursue to the exclusion of the other. *Page 300