53 N.J. Super. 548 (1959)
148 A.2d 42
LUTHER DOBY, PLAINTIFF,
v.
JOSEPH WILLIAMS, EXECUTOR OF THE LAST WILL AND TESTAMENT OF ELIZABETH VILLAUME, DECEASED, DEFENDANT, AND ALICE DOBY, THIRD-PARTY DEFENDANT-CROSS-CLAIMANT.
Superior Court of New Jersey, Law Division.
Decided January 21, 1959.
*550 Mr. Arthur E. Dienst, attorney for plaintiff.
*551 Mr. Henry J. Bendheim, attorney for defendant (Mr. Robert B. Kroner, appearing).
Mr. Alex D. Swyer, attorney for third-party defendant and cross-claimant.
CONKLIN, J.C.C. (temporarily assigned).
The plaintiff, Luther Doby, instituted this action in the district court against the executor of the estate of Elizabeth Villaume for services performed and materials supplied in the amount of $1,000, later amended to $2,000. On the motion by the defendant, the wife of the plaintiff, Alice Doby was brought in as a third-party defendant. Upon being made a third-party defendant to this action, Alice Doby filed a cross-claim against the estate, alleging in substance that for work and services performed the decedent contracted to devise a summer bungalow in the Township of Sparta to her. The defendant denies the allegations of the complaint and the cross-complaint. He contends that any services rendered and materials furnished were on a voluntary basis and that there was no promise expressed or implied to devise the property in question to the cross-complainant.

I.
At the outset the court takes this opportunity to frown upon the practice which was employed in the district court of allowing the third-party defendant to be brought in as a party to this action. R.R. 4:14-1 circumscribes the factual pattern under which this rule allows a defendant to "implead" a third-party defendant. In brief, the essence of the rule states:
"* * * A defendant may move * * * for leave as a third-party plaintiff to serve a summons and complaint upon a person not a party to the action, who is or may be liable to him for all or part of the plaintiff's claim against him."
*552 Thus it may seem that the third-party practice enables a defendant to bring in a stranger to the action, denominated a "third-party defendant," in order to pass on to that defendant the liability which the plaintiff has asserted against the defendant. Sattelberger v. Telep, 14 N.J. 353 (1954).
Nor is the court of the opinion that Alice Doby should have been joined as a necessary party under R.R. 4:32-1. This conclusion is a necessary product of the fact that the claims asserted by both the plaintiff and the third-party defendant are independent of one another and in no way are dependent upon each other.

II.
Because Alice Doby was joined as a third-party defendant, some clarifying remarks are in order vis-a-vis the competency of the testimony of Alice Doby in support of the claim of Luther Doby, and the testimony of Luther Doby on the claim asserted by Alice Doby.
N.J.S. 2A:81-2, the so-called "Dead Man's Act," proscribes testimony "when one party to any civil action is * * * sued in a representative capacity, no other party thereto may testify as to any transaction with or statement by * * * the decedent * * *." Because the third-party defendant was improperly joined as a party, the court feels that the aforementioned statute is no inhibition when it states that "no other party" may testify. The third-party defendant is at most a nominal party, and her presence in the case should not blind us to the reality that her claim upon the estate of the decedent is separate and distinct and in no way a concomitant part of the claim of the plaintiff. Nor are the parties disqualified under the above statute because they stand in a position of husband and wife. In Trust Company of New Jersey v. Farawell, 127 N.J. Eq. 45 (E. & A. 1939), it was held that where it was sought to establish a trust in bank accounts maintained by a mother in favor of two daughters, testimony of the husbands of the two daughters with respect to conversations or transactions *553 with the mother after her demise was admissible. In Wooster v. Eagan, 88 N.J.L. 687 (E. & A. 1915), it was held that in a suit brought by a husband for services rendered by his wife to the defendant's intestate under an agreement made between the wife and the deceased in her lifetime, the wife is a competent witness as to transactions with the deceased. The cases are replete with holdings that the mere fact that a party testifying will benefit by the receipt of his testimony into evidence does not per se bar the admissibility of that evidence under the "Dead Man's Act," even though that witness be the spouse of the party to the action.

III.
Turning now to the merits of Alice Doby's claim against the estate and looking with an eye which is unburdened by any reason of her having been wrongfully joined as a party, and further finding that the "Dead Man's Act" is no inhibition to her husband's testimony as it bears upon her claim, the court is of the opinion that the proofs elicited do not measure up to the requirements of the law for an expressed contract claim against a decedent's estate. As stated in Yuritch v. Yuritch, 139 N.J. Eq. 439 (Ch. 1947):
"For such a contract to be enforced, it must be clearly proven, it must be mutual, it must be definite and certain both in its terms and as to its subject matter, and it must clearly appear that that which is alleged to have been done in part performance was referable to and consequent upon the contract alone, and done to carry it into effect."
In addition, such a claim flies in the face of the statute of frauds and the statute of wills, and in such cases, in order to take the case out of the statute on the ground of part performance, the terms of the contract must be established by proof which has been required to meet the test of "clear, definite, and unequivocal * * *." Cooper v. Colson, 66 N.J. Eq. 328 (E. & A. 1903). A recent endorsement *554 of the Cooper case rule will be found in Robertson v. Hackensack Trust Company, 1 N.J. 304 (1949).
The proofs proffered reveal that the decedent had purchased a summer bungalow which was used on the weekends by her, by Jack Ord, a nephew of the decedent and brother of Alice Doby, and by the Doby family. It further appears that the habitation of this bungalow was that of a community of cooperation and pooling of assets. Mr. Ord, who was an electrician, performed some electrical work around the house. The decedent, Mrs. Villaume, supplied furniture, a refrigerator and stove, household utilities, and food. The Doby family supplied food and some of the furniture. The evidence reveals that all of the women cooperated with each other in the maintenance of a summer home. Mr. Doby worked extensively landscaping the premises, clearing trees and shrubbery, filling in holes, moving rocks to permit ingress for his automobile, and building a patio. In a word, he was the handy man about the house.
The Doby children were the recipients of a weekend of wholesome, rural life at the bungalow. Their time was occupied in partaking of the swimming, hiking, and boating facilities available in the area. As one sits back and views the entire arrangement in perspective, the evidence leaves in the mind a feeling that the bungalow was run in a communal manner with all persons sharing in the family relationship.
The court is of the opinion that the proofs on behalf of the cross-claimant do not leave the mind in that state where one can say that clear and convincing proofs have established a contract whereby the decedent was to will the property in question in exchange for the services performed by the cross-claimant, Alice Doby. The evidence offered does not leave the court with the feeling that a contract had been entered into, in view of the fact that the spirit of the entire venture seemed to be more one of mutual cooperation and family conviviality rather than a business transaction.

*555 IV.
Turning to the claim of the plaintiff, Luther Doby, the court feels that the proofs do not establish a claim sufficient to enable the plaintiff to recovery under the rationale of the case of Cerria v. DeFazio, 19 N.J. Super. 482 (App. Div. 1952). In the Cerria case the court held recovery could be sustained on the theory of quantum meruit where work and services were performed by a daughter-in-law for her father-in-law. The court recognized the prevailing law that when services are rendered by a member of the family, they are presumed to be gratuitous, but felt that this rule did not apply because, although the plaintiff was related to the recipient of the services, she was not living in the household of the recipient of the services and did not receive any benefits in return stemming from the family relationship. In the case sub judice the plaintiff was living under the same roof as the decedent and was the recipient of the companionship as well as the material gains which normally flow from a family relationship, making the Cerria case, supra, clearly distinguishable on the facts.
The court holds that the services rendered by the plaintiff would more clearly fit into the holding of the case of Disbrow v. Durand, 54 N.J.L. 343 (E. & A. 1892). The court stated in the Disbrow case that:
"Ordinarily, where services are rendered and voluntarily accepted, the law will imply a promise upon the part of the recipient to pay for them; but where the services are rendered by members of a family, living as one household, to each other, there will be no such implication, from the mere rendition and acceptance of the services."
It is to be specifically noted that the court did not confine the term "members of a family" in the Disbrow case to those who are related by consanguinity but rested the decision upon a broader basis, to wit: "It rests upon the idea of the mutual dependence of those who are members of one immediate family * * *."
*556 Because the proofs offered at the trial exhibit the existence of a family relationship from which substantial benefits were derived from all participating, the court is of the opinion that a presumption of gratuity arises for any goods and services furnished by the plaintiff, and further, that the proofs submitted on behalf of the plaintiff fail to hurdle the barrier of this presumption.
For the reasons stated above the court holds that neither plaintiff nor third-party defendant and cross-claimant have sustained a claim against the estate of Elizabeth Villaume.
Let an appropriate order be submitted.